## ROZENKRANTZ *vs.* DURLING.

1. Where, by the condition of a bond, money is to be paid in installments, if the obligor fails to pay any installment when due, an action lies on the bond, and the defendant cannot plead in bar that he paid a part of the installments after they became due, and that the remaining installments are not yet due.

2. An obligor cannot be discharged from the bond and be relieved from payment of the penalty, unless he pay the whole amount required to be paid by the condition of the bond.

3. In an action brought on a bond, if the breach is assigned in the negative, and shows an entire non-compliance with the condition, it is sufficient.

On demurrer to pleas.

Argued before the Chief Justice and Justices OGDEN and VAN DYKE.

*A. B. Woodruff*, for plaintiff.

*R. Hamilton*, for defendant.

The opinion of the court was delivered by

The CHIEF JUSTICE.   The only question involved in this demurrer is, whether in debt on bond with penalty conditioned to pay a less sum by installments, a plea in bar, that a part of the installments have been paid, although not when they became due, and that the time for the payment of the remaining installments according to the condition has not arrived, is a bar to the action.

By the common law, the non-performance of the condition, the non-payment of the money at the time and place

fixed by the condition forfeited the bond and the penalty became payable to the obligee, against this he could be relieved only by a court of equity, The judges of the courts of law refused to consider the subsequent payment of the money mentioned in the condition, principal, interest and costs, a full satisfaction of the bond; the obligor was still liable to a suit upon the bond, although all the money mentioned in the condition had been paid; he could not plead performance generally; he must aver payment at the day; that he could not prove, and judgment must go against him for want of any pleadable bar to the action. 2 *Bl. Com.* 435.

To remedy this difficulty parliament passed the statute of 4 *June, cap.* 16.

Of the 12th and 13th sections of this act, the 8th, 9th and 10th sections of the act concerning obligations, and to enable mutual dealers to discount, (*Nix. Dig.* 543,) are copies.

It was not the object of this act to relieve parties from the performance of their contract, but to give them, after they had fully discharged a debt, complete protection in a court of law against an action for the recovery of that debt.

It was an anomaly in the law, that when the debt was gone, the obligation to pay twice its amount still remained in full force. Neither the English parliament nor our legislature designed to relieve the obligor from the consequences of his non-performance, except upon payment of the whole sum secured by the condition. By the non-payment of the first installment the condition was broken, the penalty became the debt. The right to maintain the action accrued. The action was for the penalty, not the installment; the payment of the installment after it was due could not restore the broken condition.

It was insisted that the 9th section of the act, by its terms, relieves the forfeiture of the bond caused by the non-payment of an installment when due, on its payment

afterwards before action brought. This section declares that, in any action of debt on a bond which hath a condition or defeasance to make void the same on payment of a less sum at a day or place certain, if the obligor, his heirs, executors, or administrators, have, before the action brought, paid to the obligee, his executors, or administrators the principal or interest due by the condition or defeasance of such bond, though such payment was not made strictly according to the condition or defeasance, yet it may be pleaded in bar, and shall be as effectual a bar to such action as if the money had been paid at the day and place according to the condition or defeasance, and had been so pleaded.

What do the terms " payment of a less sum at a day or place certain," " the principal and interest due by the condition or defeasance of such bond," as used in this section, mean? Both terms evidently refer to the same subject matter, and that is the real sum secured by the bond, without regard to the penalty. That the whole money secured had been paid, although *post diem* was intended to be made a good defence at law to an action for the penalty. The term due is used in the sense of *debitum*, not *solvendum*.

By the terms of the 10th section, it is provided that if, at any time pending an action on any such bond with a penalty, the defendant shall bring into the court where the action shall be depending, all the principal money and interest due on such bond, and all such costs as have been expended in any suits at law or in equity upon the bond, the said money so brought in shall be deemed and taken to be in full payment and satisfaction of such bond, and the court shall give judgment to discharge the defendant from the same accordingly.

Nothing can be clearer than that the phrase, all the principal money and interest due on such bond, in the last section, means the whole debt secured by the condition. The phrase is substantially the same in the 9th sec-

tion. This section gives no power to stay the action on payment of the installment due and payable, leaving the installments not yet payable unpaid, for the payment is to be in full payment and satisfaction of *the bond,* not the installment payable only. The judgment is to discharge the defendant *from the bond.*

No reason can be assigned for confining the relief on motion, after suit brought, to case of payment of the entire sum secured by the bond, and extending it in the case of payment, before suit brought, to the case of a partial payment. Both sections had the same object ; they are to be construed together. The design of both is made very apparent by the direction that, on payment, after suit brought, the court shall give judgment to discharge the defendant from the *same,* that is, *the bond.*

There could be no plea in bar of the action, and, to answer the same end, the court must give judgment of discharge from *the bond.* The plea in bar, in one case, and the judgment in discharge of the bond, in the other, protect the obligor, in all cases, after he has paid the debt from a suit for the penalty. That was the object of the act.

The plea demurred to is bad.

It was insisted, upon the argument, that the breach in the declaration was not well assigned. The breach is assigned in the negative of the words of the condition ; it is clear, and shows an entire non-compliance with the condition.

There should be judgment for the plaintiff.

OGDEN, J., concurred.

VAN DYKE, J., dissented.

CITED *in Shields* v. *Lozear,* 5 *Vr.* 506.